UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.  Case No. 8:03-CR-413-T-27MSS

MYKAEL SPRAGUE

_____/

## ORDER

**BEFORE THE COURT** is correspondence from Defendant which is construed as a Motion for Reduction or Modification of Sentence (Dkt. 186). Defendant's construed motion must be DENIED, as this Court lacks jurisdiction to reduce or modify Defendant's sentence.

A criminal sentence may be corrected under Rule 35 or 36 or modified under 18 U.S.C. § 3582(c).[1] Under Rule 35, the court may correct an arithmetical, technical, or other clear error within seven days after sentencing or, on the government's motion, reduce a sentence based on a defendant's substantial assistance. The seven day limitation under Rule 35(a) is jurisdictional. *United States v. Diaz-Clark*, 292 F.3d 1310, 1317 (11th Cir. 2002). The Government has not filed a substantial assistance motion. Accordingly, Rules 35 and 36 are inapplicable to the construed motion.

Under 18 U.S.C. § 3582(c), a sentence may be modified: (1) on motion of the Director of the Bureau of Prisons; (2) under Rule 35 or as otherwise expressly permitted by statute; or (3) if the sentencing range has subsequently been lowered by the Sentencing Commission. *United States v. McGranahan*, 168 Fed.Appx. 934, 937 (11th Cir. 2006). None of those three circumstances presents

---

[1] Section 3582(b) does not provide jurisdiction to the district court to modify a sentence. *United States v. Stossel*, 348 F.3d 1320, 1321 (11th Cir. 2003).

itself here. Defendant does not argue that a retroactive change in the applicable sentencing guideline vests jurisdiction in the court to adjust her sentence pursuant to § 3582(c)(2). Accordingly, this Court lacks jurisdiction to reduce, modify, or adjust Defendant's sentence. *See United States v. Bravo,* 203 F.3d 778, 780 (11th Cir. 2000).

To the extent Defendant relies on *United States v. Booker,* 543 U.S. 220 (2005) in support of her motion, *Booker* does not apply retroactively to cases on collateral review. *United States v. Moreno,* 421 F.3d 1217, 1220 (11th Cir. 2005) (citing *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) and *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005)). Moreover, *Booker* is inapplicable to § 3582(c)(2) motions and does not otherwise provide a jurisdictional basis to reduce Defendant's sentence. *Moreno,* 421 F.3d at 1220-21. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's construed Motion for Reduction or Modification of Sentence (Dkt. 186) is DENIED.

**DONE AND ORDERED** in chambers this 24th day of October, 2007.

_____
JAMES D. WHITTEMORE
United States District Judge

Copies to:
Defendant, *pro se*
Counsel of Record